UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

YOLANDA HAYNES and HOUSTON
HAYNES, III,

                Plaintiffs,                    Case Number 11-13858
                                                    Honorable David M. Lawson
v.

JPMORGAN CHASE BANK, N.A., MORTGAGE
ELECTRONIC REGISTRATION SYSTEMS,
INC. (MERS), and FEDERAL NATIONAL
MORTGAGE ASSOCIATION (Fannie Mae),

                Defendants.
_____/

## ORDER DENYING PLAINTIFFS' MOTION TO REMAND

The matter is before the Court on the plaintiffs' motion to remand the case to state court. The defendants removed the case to federal court on September 2, 2011 on the ground that the parties were completely diverse. The plaintiffs filed the present motion to remand arguing that the matter belongs in state court because the defendants extensively conduct business in Michigan and only questions of state law are at issue.

The federal district courts are courts of limited jurisdiction, and the burden of establishing jurisdiction rests with the defendant as the party removing the case and asserting federal jurisdiction. *See, e.g., Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). "'[A]ll doubts as to the propriety of removal are resolved in favor of remand.'" *Jacada (Europe), Ltd. v. Int'l Mktg. Strategies, Inc.*, 401 F.3d 701, 704 (6th Cir. 2005) (quoting *Coyne v. Am. Tobacco Co.*, 183 F.3d 488, 493 (6th Cir. 1999)), *abrogated on other grounds by Hall St. Assocs., L.L.C. v. Mattel, Inc.*, 552 U.S. 576 (2008).

Title 28, section 1441(a) of the United States Code permits defendants in civil actions to remove cases originally filed in state courts to federal district courts where the district court would have had original jurisdiction. Cases may be removed under federal question jurisdiction or on the basis of diversity of citizenship. 28 U.S.C. § 1441(a). The plaintiffs have not alleged a federal cause of action in their complaint; therefore, removal is proper only if this Court would have had original jurisdiction based on diversity of citizenship.

It is axiomatic that federal diversity jurisdiction exists only when "no plaintiff and no defendant are citizens of the same state." *Jerome-Duncan, Inc. v. Auto-By-Tel, L.L.C.*, 176 F.3d 904, 907 (6th Cir. 1999) (citing *United States Fidelity & Guar. Co. v. Thomas Solvent Co.*, 955 F.2d 1085, 1089 (6th Cir. 1992)). Therefore, complete diversity of citizenship must exist "both at the time that the case is commenced and at the time that the notice of removal is filed." *Ibid.* (citing *Easley v. Pettibone*, 990 F.2d 905, 908 (6th Cir. 1993)).

In this case, the plaintiffs have alleged that they reside in Oakland County, Michigan. They do not allege that they have any intention of leaving Michigan. Therefore, for the purpose of determining diversity jurisdiction, the plaintiffs are considered citizens of Michigan. *Newman-Green, Inc. v. Alfonzo-Larrain*, 490 U.S. 826, 828 (1989).

Defendant JPMorgan Chase Bank is a national banking association organized under the laws of Ohio with its main office in Columbus, Ohio. For the purposes of establishing diversity, Defendant JPMorgan Chase Bank is considered a citizen of Ohio. 28 U.S.C. § 1348; *Wachovia Bank v. Schmidt*, 546 U.S. 303, 318 (2006) ("[O]ne would sensibly 'locate' a national bank for the very same purpose, *i.e.,* qualification for diversity jurisdiction, in the State designated in its articles of association as its main office.").

-2-

MERS is a Delaware corporation with its principal place of business in the State of Virginia. For the purposes of determining diversity jurisdiction, MERS is considered a citizen of Delaware and Virginia.  28 U.S.C. § 1332(c); *Hertz Corp. v. Friend*, --- U.S. ---, ---, 130 S. Ct. 1181, 1186 (2010) ("[T]he phrase 'principal place of business' refers to the place where the corporation's high level officers direct, control, and coordinate the corporation's activities. . . . We believe that the 'nerve center' will typically be found at a corporation's headquarters.").

Fannie Mae is a federally chartered corporation with its principal place of business in Washington, D.C.  Accordingly, it is a citizen of the District of Columbia and is not a citizen of the State of Michigan.

The Court finds that complete diversity between the parties existed at the time of removal, and therefore, the case was removed to federal court properly.  The plaintiffs' motion to remand will be denied.

Accordingly, it is **ORDERED** that the plaintiffs' motion to remand [dkt #6] is **DENIED**.

s/David M. Lawson
DAVID M. LAWSON
United States District Judge

Dated:   October 3, 2011

PROOF OF SERVICE

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on October 3, 2011.

s/Deborah R. Tofil
DEBORAH R. TOFIL